[Cite as *State v. Watts*, 2020-Ohio-5572.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  2-20-10

    v.

JUSTIN M. WATTS,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2019 CR 0149

Judgment Affirmed

Date of Decision:   December 7, 2020

APPEARANCES:

    *Nick A. Catania* for Appellant

    *Benjamin R. Elder* for Appellee

**SHAW, P.J.**

{¶1} Defendant-appellant, Justin M. Watts ("Watts"), brings this appeal from the March 17, 2020 judgment of the Auglaize County Common Pleas Court sentencing him to serve a maximum thirty-six month prison term after Watts pled guilty to, and was convicted of, Trafficking in Methamphetamine in violation of R.C. 2925.03(A)(1)/(C)(1)(c), a felony of the third degree. On appeal, Watts argues that his maximum sentence was clearly and convincingly contrary to law.

*Background*

{¶2} On June 27, 2019, Watts was indicted for (Count 1) Trafficking in Methamphetamine in violation of R.C. 2925.03(A)(1)/(C)(1)(a), a felony of the fourth degree, and (Count 2) Trafficking in Methamphetamine in violation of R.C. 2925.03(A)(1)/(C)(1)(c), a felony of the third degree. The first charge alleged a sale of 2.75 grams of methamphetamine to a confidential informant on or about January 24, 2019, and the second charge alleged a separate sale of 6.78 grams of methamphetamine to a confidential informant on or about February 4, 2019. (Doc. No. 35). Watts initially pled not guilty to the charges.

{¶3} Watts was released after he posted bond but then he was brought before the trial court when he was indicted in a separate criminal case, trial court case 2019CR208, for Possession of Methamphetamine, Possession of Heroin, Possession of Fentanyl, and Possession of Criminal Tools. All were felonies of the fifth degree.

During a dialogue at a bond reconsideration hearing in this case, Watts also acknowledged that he was charged with, and convicted of, a misdemeanor theft offense while this case was pending. Watts was drug tested by the trial court on the day of the bond reconsideration hearing and he tested positive for methamphetamines, cocaine, and opiates.

{¶4} On January 21, 2020, Watts entered into a written, negotiated plea agreement wherein he agreed to plead guilty to (Count 2) Trafficking in Methamphetamine in violation of R.C. 2925.03(A)(1)/(C)(1)(c), a felony of the third degree. In exchange for his guilty plea, the State agreed to dismiss the first count of the indictment against Watts in this case and the State agreed to dismiss two other pending criminal cases against Watts, specifically, 2019CR208, mentioned above, and case 2019CR238, which charged Watts with a single count of Possession of Methamphetamine, a fifth degree felony. The written agreement noted that the maximum sentence on the third degree felony to which Watts was pleading guilty was thirty-six months and a that prison term was presumed necessary.

{¶5} A change-of-plea hearing was held January 22, 2020, wherein Watts knowingly, intelligently, and voluntarily waived his rights and entered his plea pursuant to the agreement. His plea was accepted and he was found guilty of Count 2 of the indictment. The matter was set for sentencing at a later date.

{¶6} Just prior to the sentencing hearing, Watts filed a sentencing memorandum arguing in favor of leniency in sentencing.

{¶7} A sentencing hearing was held on March 17, 2020, wherein Watts was sentenced to serve a maximum thirty-six month prison term. A judgment entry memorializing Watts' sentence was filed that same day. It is from this judgment that he appeals, asserting the following assignment of error for our review.

### Assignment of Error
**The Trial Court's sentence of the defendant-appellant to a sentence totaling (36) months, being the maximum definite prison term allowed for the single offense constituted a clear and convincing violation of the law in failing to properly consider and apply the felony sentencing guidelines set forth in Ohio Revised Code, section 2929.11 and 2929.12.**

{¶8} In his assignment of error, Watts argues that the trial court erred by ordering him to serve a maximum sentence for his conviction. More specifically, he contends that an analysis of the sentencing factors in R.C. 2929.11 and 2929.12 establishes that the trial court's sentence was clearly and convincingly contrary to law because he argues, *inter alia*, there was no victim, and his prior felonies were from 1999 and 2001.

### Standard of Review

{¶9} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is

otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that " 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Relevant Authority

{¶10} " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than [a] minimum sentence[].' " *State v. Castle*, 2d Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶ 26, quoting *State v. King*, 2d Dist. Clark No. 2012-CA-25, 2013-Ohio-2021, ¶ 45; *State v. Freeman*, 3d Dist. Union No. 14-18-16, 2019-Ohio-669, ¶ 11. Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶11} Revised Code 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court

determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A)-(E).

Analysis

{¶12} In the case *sub judice*, Watts was convicted of Trafficking in Methamphetamine in violation of R.C. 2925.03(A)(1)/(C)(1)(c), a felony of the third degree. Pursuant to R.C. 2929.14(A)(3)(b), for a felony of the third degree such as the one in this case, "the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." The trial court sentenced Watts to a thirty-six month prison term, which was within the appropriate statutory range.

{¶13} Moreover, in fashioning the sentence, at the sentencing hearing and in the trial court's judgment entry, the trial court specifically cited R.C. 2929.11 and R.C. 2929.12, indicating that the trial court had considered the principles and purposes of sentencing, and that it had balanced the seriousness and recidivism factors. The trial court also specifically found that Watts had not overcome the presumption in favor of prison in this matter. " ' "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." ' " *State v. Maggette*, 3d Dist. Seneca

No. 13-16-06, 2016-Ohio-5554, ¶ 32, quoting *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, quoting *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶14} As we have emphasized in prior opinions, where "the trial court explicitly stated that it had considered the [requisite statutory] factors * * * it *was not required to elaborate upon them* so long as the record indicates that the trial court considered them and the sentences were within the appropriate statutory range." (Emphasis *sic*) *State v. Dayton*, 3d Dist. Union No. 14-16-05, 2016-Ohio-7178, ¶ 21, citing *State v. Castle,* 2d Dist. Clark No.2016–CA–16, 2016–Ohio–4974, ¶ 30. Here, the trial court did explicitly state that it had considered the requisite statutes in its sentencing entry. The sentence for the crime was also within the statutory range. Thus we need not proceed further as the sentence is presumptively valid. *State v. Wrasman*, 3d Dist. Logan No. 8-19-36, 2019-Ohio-5299, ¶ 8.

{¶15} Nevertheless, even if we were to consider and "weigh" the proper sentencing factors, we still could not find that the trial court's sentence was clearly and convincingly contrary to law. Watts had two prior felony convictions for Breaking and Entering, serving time in prison for both after he violated his community control. Watts had numerous misdemeanor convictions. In addition, he had multiple drug counts dismissed as part of his plea agreement in this case, and

the discussion at the sentencing hearing indicated that Watts had yet another case still pending against him.  Based on the sentencing factors as a whole, we cannot find that the trial court's sentence was clearly and convincingly contrary to law. Therefore, Watts' assignment of error is overruled.

### *Conclusion*

{¶16} For the foregoing reasons Watts' assignment of error is overruled and the judgment of the Auglaize County Common Pleas Court is affirmed.

***Judgment Affirmed***

**PRESTON and ZIMMERMAN, J.J., concur.**

**/jlr**