[Cite as *State v. Mofford*, 2022-Ohio-3601.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 3-22-04

    v.

ROBERT MOFFORD,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 21-CR-0145

Judgment Affirmed

Date of Decision: October 11, 2022

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Bailey Higgins* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Robert Mofford, appeals the January 27, 2022 judgment of sentence of the Crawford County Court of Common Pleas. For the reasons that follow, we affirm.

*Background*

{¶2} On May 11, 2021, the Crawford County Grand Jury indicted Mofford on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony, and one count of possession of marihuana in violation of R.C. 2925.11(A), a minor misdemeanor. At arraignment on June 1, 2021, Mofford pleaded not guilty to the counts of the indictment.

{¶3} A change-of-plea hearing was held on December 15, 2021. At the hearing, Mofford pleaded guilty to aggravated possession of drugs as charged in the indictment. The trial court accepted Mofford's plea, found him guilty, and continued sentencing pending preparation of a presentence investigation report. In addition, the trial court dismissed the single count of possession of marihuana charged in the indictment.

{¶4} Mofford's sentencing hearing was held on January 26, 2022. At the hearing, the trial court sentenced Mofford to six months in prison. The trial court filed its judgment entry of sentence on January 27, 2022.

{¶5} On February 25, 2022, Mofford filed a notice of appeal. He raises one assignment of error for our review.

**Assignment of Error**

**The imposition of a prison sentence by the trial court upon the defendant/appellant was clearly and convincingly contrary to law in that the trial court had failed at the sentencing to give due consideration to Ohio Revised Code § 2929.11 concerning the principles and purposes of sentencing and did not apply Ohio Revised Code § 2929.12, and the less serious factors when imposing a sentence.**

{¶6} In his assignment of error, Mofford argues that the trial court erred by sentencing him to six months in prison.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

**{¶8}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable statutory policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12. *See State v. Watts*, 3d Dist. Auglaize No. 2-20-10, 2020-Ohio-5572, ¶ 10, 14; *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31.

**{¶9}** R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall

be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶10} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). In addition, the trial court must consider "the factors set forth in [R.C. 2929.12(F)] pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Smith* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

*Analysis*

{¶11} In the instant case, Mofford was sentenced for one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony. For fifth-degree felony aggravated possession of drugs, "the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(5). The trial court sentenced Mofford to six months in prison, which is within the statutory range.

**{¶12}** Furthermore, the record reflects that the trial court considered R.C. 2929.11 and 2929.12 when it sentenced Mofford. At various points during the January 26, 2022 sentencing hearing, the trial court stated that it was "looking at" or "going to consider" R.C. 2929.11 and 2929.12. (Jan. 26, 2022 Tr. at 10, 13). The trial court also specifically mentioned some of the principles of felony sentencing contained in R.C. 2929.11, and it discussed the extent to which several of the R.C. 2929.12 factors were applicable. (Jan. 26, 2022 Tr. at 11-12). Furthermore, in its judgment entry of sentence, the trial court indicated that it had considered "the principles and purposes of sentencing under Ohio Revised Code section 2929.11, and * * * balanced the seriousness and recidivism factors under Ohio Revised Code section[s] 2929.12 and 2929.14." (Doc. No. 31). While the trial court did not discuss its consideration of R.C. 2929.11 and 2929.12 in exhaustive detail or specifically mention each of the R.C. 2929.12 factors, "[a] trial court's statement that it considered the required statutory factors * * * is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. Therefore, because Mofford's sentence is within the statutory range and the record supports that the trial court fulfilled its obligation of considering R.C. 2929.11 and 2929.12, Mofford's sentence is valid. *See Watts*, 2020-Ohio-5572, at ¶ 14.

{¶13} Nevertheless, Mofford argues that his sentence is contrary to law because the trial court "ignor[ed] the principles and purposes of sentencing" set forth in R.C. 2929.11 by improperly balancing the R.C. 2929.12 factors. He also claims that the record does not support some of the trial court's findings under R.C. 2929.12. Mofford notes that the trial court found the R.C. 2929.12(B)-(C) seriousness factors to be inapplicable. He claims that this finding was at least partially erroneous as "the court ignored the factors under [R.C. 2929.12(C)] that there really was no victim to the offense[,] * * * that there was [no] strong provocation of this particular offense[,] [and that] * * * there was no physical harm threatened or caused to a person or property." He further maintains that the trial court's findings under R.C. 2929.12(D)-(E), relating to his likelihood of recidivism, were "inconsistent with the rest of the record."

{¶14} Although "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions[,] * * * R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 28. Furthermore, "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶

32. Thus, R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. "[A]n appellate court errs if it * * * modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'" *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 17, quoting *Jones* at ¶ 29.

{¶15} Accordingly, even if we were to agree with Mofford that his sentence is not supported by the record under R.C. 2929.11 and 2929.12, we could not vacate or modify his sentence on that basis. As discussed above, Mofford's sentence is within the statutory range and it is clear that the trial court considered R.C. 2929.11 and 2929.12. Hence, Mofford's sentence is not clearly and convincingly contrary to law, and it must therefore be affirmed. *See State v. Slife*, 3d Dist. Auglaize No. 2-20-17, 2021-Ohio-644, ¶ 17.

{¶16} Mofford's assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Crawford County Court of Common Pleas.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**