[Cite as *State v. Taylor*, 2023-Ohio-562.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  6-22-13

    v.

MICHAEL FLOYD TAYLOR,          O P I N I O N

    DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  6-22-14

    v.

MICHAEL FLOYD TAYLOR,          O P I N I O N

    DEFENDANT-APPELLANT.

Appeals from Hardin County Common Pleas Court
Trial Court Nos.  CRI 20222067 and CRI 20222082

Judgments Affirmed

Date of Decision:  February 27, 2023

APPEARANCES:

    *Emily P. Beckley* for Appellant

    *McKenzie J. Klingler* for Appellee

**MILLER, P.J.**

{¶1} Defendant-appellant, Michael Floyd Taylor, appeals the August 23, 2022 judgments of sentence of the Hardin County Court of Common Pleas. For the reasons that follow, we affirm.

## I. Facts & Procedural History

{¶2} On June 16, 2022, Taylor was indicted on the following counts in case number CRI20222067: one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a third-degree felony, one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony, one count of possessing drug abuse instruments in violation of R.C. 2925.12(A), a first-degree misdemeanor, one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a fourth-degree misdemeanor, and one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A), a third-degree felony. On June 22, 2022, Taylor appeared for arraignment and pleaded not guilty to the counts of the indictment.

{¶3} On August 8, 2022, a bill of information was entered in case number CRI20222082 charging Taylor with two counts of aggravated possession of drugs in violation of R.C. 2925.11(A), fifth-degree felonies. At a hearing held that day, Taylor entered guilty pleas to these two counts. The trial court accepted Taylor's pleas and found him guilty. At the same time, Taylor pleaded guilty to one count

of third-degree felony aggravated possession of drugs in case number CRI20222067. The trial court accepted Taylor's guilty plea and found him guilty. The remaining counts in case number CRI20222067 were dismissed by the trial court.

{¶4} A sentencing hearing was held on August 22, 2022. In case number CRI20222067, the trial court sentenced Taylor to 30 months in prison for aggravated possession of drugs. In case number CRI20222082, the trial court sentenced Taylor to 12 months in prison for each count of aggravated possession of drugs. The trial court ordered that the 12-month sentences be served concurrently with one another but consecutively to the 30-month sentence imposed in the prior case. Consequently, the trial court sentenced Taylor to an aggregate term of 42 months' imprisonment. The trial court filed its judgment entries of sentence on August 23, 2022.

## II. Assignments of Error

{¶5} On August 29, 2022, Taylor timely filed notices of appeal. Taylor's appeals were subsequently consolidated for purposes of briefing and argument. He raises the following two assignments of error for our review:

> **1. Appellant's sentence was not supported by sufficient evidence for the reason the trial court abused its discretion.**
>
> **2. The trial court erred in sentencing appellant to consecutive sentences.**

Because they concern related issues, we consider Taylor's assignments of error together.

### III. Discussion

**{¶6}** In his assignments of error, Taylor argues that his prison sentences are unsupported by the record or otherwise contrary to law. Taylor argues that his individual prison sentences are inconsistent with the principles and purposes of felony sentencing set forth in R.C. 2929.11 and that the seriousness and recidivism factors in R.C. 2929.12 do not support the sentences imposed. Taylor also contends that his consecutive sentences are contrary to law because the trial court failed to make consecutive-sentencing findings as required by R.C. 2929.14(C)(4).

**A. Standard of Review**

**{¶7}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**B. Felony Sentencing & R.C. 2929.11, 2929.12, & 2929.14**

{¶8} "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9. A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable statutory policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12. *See State v. Watts*, 3d Dist. Auglaize No. 2-20-10, 2020-Ohio-5572, ¶ 10 and 14; *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31.

{¶9} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of

felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶10} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). In addition, the trial court must consider "the factors set forth in [R.C. 2929.12(F)] pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Smith* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶11} "Except as provided in * * * [R.C. 2929.14(C)], * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides, in relevant part:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to

the danger the offender poses to the public, and if the court also finds any of the following:

(a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.

(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶12} "R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences." *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 17. "Specifically, the trial court must find:  (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies." *Id.* When imposing consecutive sentences, the trial court must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29 and 37.

**C. Taylor's prison sentence is neither unsupported by the record nor contrary to law.**

{¶13} In this case, Taylor was sentenced to 30 months in prison for third-degree felony aggravated possession of drugs. For third-degree felony aggravated possession of drugs, "the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." R.C. 2929.14(A)(3)(b). Thus, the trial court sentenced Taylor within the statutory range for a third-degree felony. As for the fifth-degree felony aggravated possession of drugs offenses, the trial court sentenced Taylor to 12 months in prison for each offense. For fifth-degree felony aggravated possession of drugs, "the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(5). Once again, the trial court sentenced Taylor within the applicable statutory range.

{¶14} In addition, the record reflects that the trial court considered R.C. 2929.11 and 2929.12 when it sentenced Taylor. At various points during the sentencing hearing, the trial court mentioned the seriousness and recidivism factors in general and several of the factors specifically. (Aug. 22, 2022 Tr. at 4-5, 9-10, 12-14, 18). Moreover, in its judgment entries of sentence, the trial court indicated that it had considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11" and "balanced the seriousness and recidivism factors in Ohio Revised Code Section 2929.12." The trial court also mentioned the particular R.C. 2929.12(B)-(E) factors it found to be relevant. Therefore, because

Taylor's individual sentences are within the applicable statutory ranges and the record supports that the trial court fulfilled its obligation of considering R.C. 2929.11 and 2929.12, Taylor's individual sentences are valid. *See Watts*, 2020-Ohio-5572, at ¶ 14.

{¶15} Nevertheless, Taylor argues that his individual prison sentences are unsupported by the record or contrary to law because "[t]he trial court did not take into account the recidivism less likely factors that the trial court is to take into consideration in felony sentencing nor did the court take into account the rehabilitation or treatment factor in felony sentencing." (Appellant's Brief at 8-9). He further notes that the State had agreed that he could "override the seriousness factors" and that the State said "he is willing and determined to take the step to get into treatment." (Appellant's Brief at 9).

{¶16} Although "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions[,] * * * R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 28. Furthermore, "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶

32. Thus, R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. "[A]n appellate court errs if it * * * modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'" *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 17, quoting *Jones* at ¶ 29.

{¶17} Accordingly, insofar as Taylor argues that his sentences are not supported by the record under R.C. 2929.11 and 2929.12, we cannot vacate or modify his sentences on that basis. Taylor's individual sentences are within the applicable statutory ranges, and it is clear that the trial court considered R.C. 2929.11 and 2929.12. Hence, Taylor's individual sentences are not contrary to law.

{¶18} Regarding his consecutive sentences, Taylor claims only that "the trial court never mention[ed] the statutorily required findings pursuant to R.C. 2929.14(C)(4)(a)-(c)." (Appellant's Brief at 10). But this is inaccurate. Both at the sentencing hearing and in its judgment entries of sentence, the trial court made all of the findings required by R.C. 2929.14(C)(4). As a result, the trial court complied with its obligations under R.C. 2929.14(C)(4), and Taylor's consecutive sentences are not contrary to law.

{¶19} Taylor's first and second assignments of error are overruled.

## IV. Conclusion

{¶20} For the foregoing reasons, Taylor's assignments of error are overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the Hardin County Court of Common Pleas.

***Judgments Affirmed***

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**