[Cite as *State v. Wood*, 2023-Ohio-2441.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 6-23-05

    v.

RICKY LEE WOOD,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20222165

Judgment Affirmed in Part and Reversed in Part

Date of Decision: July 17, 2023

APPEARANCES:

    *Michael B. Kelley* for Appellant

    *McKenzie J. Klingler* for Appellee

**MILLER, P.J.**

{¶1} Defendant-appellant, Ricky L. Wood ("Wood") appeals the January 24, 2023 judgment entry of sentence of the Hardin County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part.

*Background*

{¶2} On November 16, 2022, Wood was indicted on a single count of public indecency in violation of R.C. 2907.09(A)(2), (C)(3), a fifth-degree felony. On December 5, 2022, Wood appeared for arraignment and entered a not guilty plea to the charge.

{¶3} Pursuant to a negotiated-plea agreement, on January 24, 2023, Wood appeared for a change-of-plea hearing where he entered a guilty plea to the count in the indictment. The trial court accepted Wood's plea and found him guilty. At the agreement of the parties, Wood waived a presentence investigation and the matter proceeded immediately to sentencing. The trial court sentenced Wood to 11 months in prison and ordered him to pay a fine. Additionally, the trial court ordered Wood to "[p]ay court costs, including court appointed counsel fees which are hereby Ordered taxed as costs * * *." (Docket No. 19). The trial court also found the commission of the instant offense occurred while Wood was on post-release control ("PRC") supervision. The trial court terminated Wood's PRC supervision and ordered he serve an additional term of one year in prison prior to and consecutively

to the 11-month prison term imposed in the instant case. That same day, the trial court filed its judgment entry of sentence.

{¶4} Wood filed a notice of appeal on February 7, 2023. He raises two assignments of error, which we address together.

**First Assignment of Error**

**The trial court abused its discretion in sentencing Appellant to a prison term which was not supported by the record which is an abuse of discretion and plain error.**

**Second Assignment of Error**

**The trial court erred when it ordered the payment of court-appointed counsel fees as part of Appellant's sentence.**

{¶5} In his first assignment of error, Wood argues that the trial court erred by imposing a prison sentence rather than a term of community control. In his second assignment of error, Wood alleges that the trial court erred by ordering the payment of his court-appointed counsel fees as part of his sentence.

*Standard of Review*

{¶6} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*

-3-

at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

**{¶7}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9. A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable statutory policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12. *See State v. Watts*, 3d Dist. Auglaize No. 2-20-10, 2020-Ohio-5572, ¶ 10 and 14; *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31.

**{¶8}** R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

*Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶9} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). In addition, the trial court must consider "the factors set forth in [R.C. 2929.12(F)] pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Smith* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

*Analysis*

{¶10} The trial court sentenced Wood to 11 months in prison for fifth-degree felony indecent exposure. For fifth-degree felonies, "the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(5). Thus, the trial court sentenced Wood within the statutory range for a fifth-degree felony.

{¶11} In addition, the record reflects that the trial court considered R.C. 2929.11 and 2929.12 when fashioning Wood's sentence. Specifically, at the hearing, the trial court stated it "looked at the principle[s] and purposes of sentencing pursuant to the Ohio Revised Code, and have, to the best of my ability, balanced the seriousness and recidivism factors in this case." (Jan. 24, 2023 Tr. at 27). In its dialogue with Wood, the trial court addressed the seriousness and recidivism factors in some detail as they related to the instant case. (*Id.* at 25-29). Moreover, in its judgment entry of sentence, the trial court indicated that it "considered the purposes and principles of sentencing in Revised Code Section 2929.11 and the appropriate factors under [Revised Code] Section 2929.12." (Doc. No. 19). The trial court further specified it "finds that a prison sentence is consistent with the purposes and principles of sentencing under Ohio Revised Code Section 2929.11 because a prison sentence is commensurate with the seriousness of the offender's conduct because it is reasonably necessary to deter the offender and in order to protect the public from future crime, and because it would not place an unnecessary burden on governmental resources." (*Id.*). Therefore, because Wood's prison sentence is within the applicable statutory range and the record supports that the trial court fulfilled its obligation of considering R.C. 2929.11 and 2929.12, Wood's prison sentence is valid. *See Watts*, 2020-Ohio-5572, at ¶ 14.

{¶12} Yet, Wood argues his 11-month prison sentence for his public-indecency conviction is unsupported by the record or contrary to law because none of factors in R.C. 2929.12(B) indicating that the conduct is "more serious" applied to the instant case. Wood also argues that the trial court improperly weighed the recidivism factors, particularly in light of Wood's expressed desire to participate in a treatment program to address his underlying issues. Additionally, Wood suggests the nearly four years he was on PRC without a violation should weigh heavily against the imposition of a prison sentence.

{¶13} However, the record belies his claims. At the sentencing hearing, the trial court recognized Wood's statement of remorse and desire to engage in treatment appeared to be sincere. (Jan. 24, 2023 Tr. at 25). Yet, the trial court acknowledged it had to balance Wood's sincerity with its obligation to protect the community. (*Id.*). After reviewing Wood's criminal record in great detail, the trial court recognized that Wood's criminal history displayed an obvious "serious pattern" of sexually-motivated behavior which made the instant "relatively minor offense" "serious in the eyes of the Court." (*Id.* at 26). Accordingly, the trial court concluded that, in balancing the purposes and principles of felony sentencing, Wood's "recidivism factor is great and outweighs the other considerations for the Court" in determining whether to impose a term of prison or community control. (*Id.* at 26-28).

-7-

{¶14} Further, although "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds 'the record does not support the sentencing court's findings under' certain specified statutory provisions[,] * * * R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 28. Moreover, "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Thus, R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. "[A]n appellate court errs if it * * * modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12.'" *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 17, quoting *Jones* at ¶ 29.

{¶15} Accordingly, even if we were to agree with Wood that his sentence is not supported by the record under R.C. 2929.11 and 2929.12, which we do not, we could not vacate or modify his sentence on that basis. As discussed above, Wood's prison sentence is within the applicable statutory range, and it is clear the trial court considered R.C. 2929.11 and 2929.12 when fashioning Wood's sentence. Hence, Wood's prison sentence is not clearly and convincingly contrary to law, and it must

therefore be affirmed. *See State v. Slife*, 3d Dist. Auglaize No. 2-20-17, 2021-Ohio-644, ¶ 17.

{¶16} Wood's first assignment of error is overruled.

{¶17} We next address Wood's second assignment of error, wherein he contends the trial court erred by ordering Wood to pay the costs of his court-appointed counsel. R.C. 2941.51 addresses counsel for indigent defendants in criminal cases. In relevant part, R.C. 2941.51(A) provides, "[c]ounsel appointed to a case * * * shall be paid for their services by the county the compensation and expenses that the trial court approves." R.C. 2941.51(D) further provides:

> The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the costs of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay. * * *

{¶18} To the extent Wood argues the trial court was required to hold a hearing before ordering he pay the costs of his court-appointed counsel, we find his argument unavailing. In *State v. Taylor*, 163 Ohio St.3d 508, 2020-Ohio-6786, the Supreme Court of Ohio held that "under R.C. 2941.51(D), a trial court in a criminal case may assess court-appointed-counsel fees against a defendant without making specific findings on the record to justify the fee assessment." *Id.* at ¶ 2. However, the Court did note "the best practice is for the trial court to articulate its findings on

the record for the benefit of the parties and to allow for more meaningful appellate review." *Id.*

**{¶19}** Here, the parties jointly agreed that Wood would pay court-appointed-counsel fees. (Jan. 24, 2023 Tr. at 5-7). Moreover, the trial court engaged in a dialogue with Wood regarding his ability to pay court-appointed-counsel fees and additional financial sanctions, as the trial court ordered.

> [Trial Court]: Do you understand that since the parties have agreed to this, I will order, if you enter a plea, that you pay the court costs, prosecution expenses, and that you pay the attorney fees for your counsel?
>
> [Defendant]: Yes, sir.
>
> [Trial Court]: I don't know what all that totals up to, but whatever it is, you'll be ordered to pay that. Since you agreed to that, are you telling me that once you get out of prison[,] if you go to prison or if you go to jail[,] that you have the wherewithal if you're set up on a plan to pay those expenses?
>
> [Defendant]: Yeah.

(*Id.* at 11).

**{¶20}** Accordingly, the record does include some indication of Wood's ability to pay the court-appointed-counsel fees. Although the trial court did not conduct a separate hearing relating to Wood's current or future ability to pay the court-appointed-counsel fees, it was not required to do so. *State v. Barnett*, 3d Dist. Hardin No. 6-22-16, 2023-Ohio-678, ¶ 19.

{¶21} Wood also argues that the trial court erred by ordering the payment of court-appointed-counsel fees as part of his sentence. We agree.

{¶22} Here, the trial court's judgment entry of sentence states as follows, "Defendant is sentenced to * * * [p]ay court costs, including court appointed counsel fees which are hereby Ordered taxed as costs and paid by Defendant." (Doc. No. 19).

{¶23} In *Taylor*, the Supreme Court of Ohio stated "[t]he General Assembly has * * * been quite clear that court-appointed counsel fees are not to be assessed as a part of the defendant's sentence." *Taylor*, 2020-Ohio-6786, at ¶ 34. The Court recognized "R.C. 2941.51 explicitly states that court-appointed-counsel fees shall not be taxed as costs, which are required under R.C. 2947.23 to be included as a part of the defendant's sentence." *Id.*

{¶24} The Court explained that court-appointed-counsel fees "may be assessed at the sentencing hearing, [however], they cannot be included as part of the offender's sentence." *Id.* at ¶ 37. The court clarified that "if the assessment of the fees is included in the sentencing entry, the court must note that the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence." *Id.*

{¶25} Here, the language of the judgment entry of sentence indicates the court-appointed-counsel fees were assessed as costs as part of Wood's sentence.

Accordingly, that limited portion of Wood's sentence is contrary to law. *See Barnett,* 2023-Ohio 678, at ¶ 23-24.

**{¶26}** Therefore, we sustain Wood's second assignment of error and vacate the portion of the January 24, 2023 sentencing entry imposing court-appointed-counsel fees as court costs against Wood.

*Conclusion*

**{¶27}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Hardin County Court of Common Pleas in part and reverse in part.

*Judgment Affirmed in Part*
*and Reversed in Part*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/jlr**