[Cite as *State v. Mohler*, 2025-Ohio-792.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

  v.

BRIANA K. MOHLER,

      DEFENDANT-APPELLANT.

CASE NO. 8-24-35

O P I N I O N

Appeal from Logan County Common Pleas Court
General Division
Trial Court No. CR 24 02 0025

**Judgment Affirmed**

**Date of Decision: March 10, 2025**

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Eric C. Stewart* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Briana K. Mohler ("Mohler"), appeals the May 28, 2024 judgment of sentence of the Logan County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} This case stems from a January 25, 2024 vehicle collision that resulted in the death of 17-year-old Chloe Hodges ("Hodges"). Mohler, who was under the influence of multiple drugs, was driving northbound when she crossed the center and veered completely into the opposite lane of travel, striking Hodges's vehicle head on. Several days later, Hodges died from the resulting injuries.

{¶3} On February 13, 2024, Mohler was indicted on four counts: Count One of operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them ("OVI") in violation of R.C. 4511.19(A)(1)(a), (G)(1)(b), a first-degree misdemeanor; Count Two of driving under suspension in violation of R.C. 4510.111(A), (C)(1), an unclassified misdemeanor; Count Three of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), (B)(2)(b)(i), a first-degree felony; and Count Four of involuntary manslaughter in violation of R.C. 2903.04(B), (C), (D), a third-degree felony. Mohler entered not-guilty pleas at the arraignment hearing on February 13, 2024, and written not-guilty pleas were subsequently filed by trial counsel.

{¶4} At a change-of-plea hearing on April 23, 2024, pursuant to a negotiated-plea agreement, Mohler withdrew her not-guilty plea and entered guilty pleas to Count One, Count Two, and Count Three.  The trial court accepted her guilty pleas and found her guilty thereof.  In exchange, the State made an oral motion for the dismissal of Count Four (involuntary manslaughter), which the trial court granted.

{¶5} On May 28, 2024, Mohler appeared for sentencing.  With respect to Count Three, aggravated vehicular homicide, the trial court imposed an indefinite prison term of 11 to 16 ½ years and a lifetime driver's license suspension.  The trial court sentenced Mohler to serve 180 days in jail for Count One and zero days in jail for Count Two.[1]  The sentences were ordered to be served concurrently for an indefinite term of 11 to 16 ½ years.  The judgment entry of sentence was filed that same day.

{¶6} Mohler filed a notice of appeal on June 20, 2024.  She raises a single assignment of error.

### Assignment of Error

**The trial court erred when it sentenced Appellant to the maximum sentence on the single felony count.**

{¶7} In her assignment of error, Mohler argues that the trial court erred by sentencing her to the maximum sentence.  Specifically, she argues that her sentence with respect to Count Three (aggravated vehicular homicide) is contrary to law

---

[1] R.C. 4510.111(C)(1) only authorizes a fine and community service for an unclassified-misdemeanor violation of R.C. 4510.111(A).

because the trial court elevated the seriousness of the offense by considering the fact of Hodges's death when constructing her sentence. Mohler also contends that the trial court erred by not articulating that it considered "each and every factor" before fashioning the sentence, and did not properly weigh the mitigating factors when determining her sentence. For the reasons that follow, we disagree.

*Standard of Review*

**{¶8}** Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

**{¶9}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9. A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable sentencing policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12. *See State v. Watts*, 2020-Ohio-5572, ¶ 10 and 14 (3d Dist.); *State v. Maggette*, 2016-Ohio-5554, ¶ 31 (3d Dist.).

{¶10} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing . . ., commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶11} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). In addition, the trial court must consider "the factors set forth in [R.C. 2929.12(F)] pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Smith* at ¶

15, quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). Neither statute "requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20; *see also* R.C. 2929.11 and 2929.12.

{¶12} In considering R.C. 2929.11 and 2929.12 as they relate to felony-sentencing appeals, the Supreme Court of Ohio has further limited appellate review by holding that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12," and subdivision (b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 31, 34, 39 ("an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)"). Thus, R.C. 2953.08(G)(2) does not allow "an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at 42; *see also State v. Bryant*, 2022-Ohio-1878, ¶ 22. However, "when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law," and claims that raise those "types of

issues are therefore reviewable." *Bryant* at ¶ 22 (finding the trial court increased the sentence based on an impermissible consideration).

*Analysis*

**{¶13}** As an initial matter, we note that Mohler only challenges the sentence imposed with respect to Count Three. The trial court sentenced Mohler to an indefinite term of 11 to 16 ½ years in prison for her conviction for aggravated vehicular homicide. This sentence is within the statutory range for felonies of the first degree established by R.C. 2929.14(A)(1)(a).

**{¶14}** The record reflects that the trial court considered R.C. 2929.11 and 2929.12 when fashioning Mohler's sentence. Specifically, at the sentencing hearing, the trial court stated that it "considered the purposes and principles of sentencing as set forth in Ohio Revised Code section[] 2929.11 and Ohio Revised Code section 2929.12." (May 28, 2024 Tr. at 64). Furthermore, the trial court specified several sentencing factors in greater detail as they related to the instant case. (*Id.* at 64-65). Moreover, in its judgment entry of sentencing, the trial court stated that it considered "the principles and purposes of sentencing under R.C. 2929.11 and 2929.12." (Doc. No. 27). Therefore, because Mohler's prison sentence is within the applicable statutory range and the record supports that the trial court fulfilled its obligation of considering R.C. 2929.11 and 2929.12, Mohler's sentence is valid. *See Watts*, 2020-Ohio-5572, ¶ 14.

**{¶15}** Yet, Mohler argues her prison term for aggravated vehicular homicide is not supported by the record or is contrary to law because the trial court did not properly consider the principles and purposes of sentencing under R.C. 2929.11 and 2929.12. Mohler contends that the trial court erred by referencing the victim's death in support of the finding that Mohler's conduct was more serious than that normally constituting the offense because the victim's death is an element of the crime and, therefore, could not be used to elevate the seriousness of the offense. *See State v. Polizzi*, 2019-Ohio-2505, ¶ 28 (11th Dist.), quoting *State v. Sims*, 2012-Ohio-238, ¶ 16 (4th Dist.) ("there is case law that indicates '[a] trial court may not elevate the seriousness of an offense by pointing to a fact that is also an element of the offense itself.'").

**{¶16}** However, at the sentencing hearing, the trial court stated "[w]ith respect to the seriousness factors set forth in Ohio Revised Code section 2929.12(B) and (C), I find that the victim suffered death and that the relatives and friends of the victim have suffered unimaginable mental and emotional harm." (May 28, 2025 Tr. at 64). Viewing the trial court's statement in the context of the entire sentencing hearing, in which many of the victim's family and friends gave victim impact statements detailing the effect Hodges's death at the young age of 17 had on them, their family, their friends, and their community, we interpret the trial court's statement to refer principally to the mental and emotional harm suffered by the victim's family, friends, and community. Additionally, the record indicates that the

victim sustained serious injuries in the vehicle accident and lived for several days after the crash. *See State v. Anthony*, 2019-Ohio-5410, ¶ 96 ("the trial court's references to the victim suffering physical harm that *resulted* in his death and to evidence indicating the victim may not have died immediately from his injuries demonstrate it considered serious physical harm apart from the victim's death to elevate the seriousness of Mr. Anthony's conduct."). (Emphasis sic.) *See State v. Rutherford*, 2020-Ohio-3934, ¶ 9 (11th Dist.) (noting that the finding in *Polizzi* was limited to trial court's consecutive-sentence findings and declining to apply that argument to the appellant's argument that the trial court's findings with respect to R.C. 2929.12 are not supported by the record).

{¶17} Mohler also contends that the trial court erred by not specifically denoting the facts it relied on when fashioning the sentence in the sentencing entry. However, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones*, 2020-Ohio-6729, at ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32 (3d Dist.).

{¶18} Additionally, Mohler alleges that the trial court did not properly weigh the mitigating factors when imposing her sentence. Specifically, Mohler argues that her previous interactions with the court, as both a victim and an offender, and the complexity of several elements of Mohler's life, including a history of being a

victim of abuse and her struggles with substance abuse, should have factored more heavily into the trial court's sentence and should have resulted in the imposition of a lesser sentence. However, the record indicates that the trial court considered Mohler's background, including her struggles with substance abuse and her history of being the victim of domestic abuse. (May 28, 2024 Tr. at 64-66). The trial court also considered Mohler's limited criminal history, but noted that she has "demonstrated [a] pattern of drug and alcohol abuse related to the offense and refus[ed] to acknowledge that pattern or to successfully complete treatment prior to the offense." (*Id.* at 64-65). The trial court also acknowledged that, at the time of the incident, Mohler was out on bond in an aggravated-possession-of-drugs case, and the trial court described its decision to permit her to remain out on bond as a "mistake" for which it "will always be sorry." (*Id.* at 67). Thus, the trial court did consider the relevant mitigating factors when assessing Mohler's sentence. We note that when imposing a felony sentence, "it is 'the trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 2017-Ohio-9092, ¶ 15 (12th Dist.), quoting *State v. Steger*, 2016-Ohio-7908, ¶ 18 (12th Dist.). "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

*Conclusion*

**{¶19}** For the foregoing reasons, Mohler's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Logan County Court of Common Pleas.

***Judgment Affirmed***

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

**/jlm**