[Cite as *State v. Smith*, 2015-Ohio-4225.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO.  13-15-17

    v.

TRENT W. SMITH,                       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 14-CR-0244

**Judgment Affirmed**

Date of Decision:  October 13, 2015

**APPEARANCES:**

    *James W. Fruth* **for Appellant**

    *Stephanie J. Reed* **for Appellee**

**ROGERS, P.J.**

{¶1} Defendant-Appellant, Trent Smith, appeals the decision of the Court of Common Pleas of Seneca County convicting him of attempted illegal use of a minor in nudity-oriented material and sentencing him to 36 months in prison. On appeal, Smith argues that the trial court erred by imposing the maximum sentence. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On October 8, 2014, the Seneca County Grand Jury returned a four count indictment against Smith, charging him with two counts of illegal use of a minor in a nudity-oriented material or performance in violation of R.C. 2907.323(A)(2), (B), felonies of the second degree; one count of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), (C), a felony of the fourth degree; and one count of illegal use of a minor in a nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), (B), a felony of the fifth degree. Smith entered pleas of not guilty to all the charges on November 6, 2014, which was later memorialized in a judgment entry dated November 7, 2014.

{¶3} On April 9, 2015, the court held a hearing to discuss a potential change of plea. At the hearing, it was announced that Smith had entered into a plea agreement with the State. In the agreement, Smith agreed to enter a plea of guilty to a lesser included offense in count one of attempted illegal use of a minor

in a nudity-oriented material or performance in violation of R.C. 2923.02(A), (E)(1) and 2907.323(A)(2), (B), a felony of the third degree. In exchange for this admission, the State agreed to dismiss the remaining three counts. After engaging in the required colloquy with Smith, the trial court accepted Smith's change of plea and found him guilty of the amended charge. This was memorialized in an entry dated April 14, 2015. Additionally, the court dismissed the remaining counts in a separate entry dated April 14, 2015.

{¶4} The matter proceeded immediately to sentencing. The State argued that the court should impose a prison sentence of 36 months. The State supported its argument by stating that the victim here was only nine years-old at the time of the crime. Further, the State cited to a case with somewhat similar facts where the defendant was sentenced to five years in prison. The State conceded that the pictures involved in that case were more serious and graphic than the ones at issue in the case sub judice. However, that person was convicted of a felony of the second degree, whereas Smith was convicted of a felony of the third degree. In addition to the State's arguments, the trial court also read the contents of a victim impact statement that was filed in the case.

{¶5} Smith's counsel argued that Smith's punishment should be mitigated for several reasons. First, he stated that Smith had no prior criminal record whatsoever. Further, Smith's counsel argued that Smith's family fully supported

Smith throughout the whole ordeal. Finally, Smith's counsel stated that Smith had accepted responsibility for his actions.

{¶6} After considering all the relevant factors and presumptions under R.C. 2923.13(C), the trial court sentenced Smith to 36 months in prison with 20 days being credited to Smith. In addition, Smith was classified as a Tier II sex offender. Finally, the court sentenced Smith to a mandatory five year period of post-release control to begin upon release from prison. The trial court memorialized Smith's sentence in an entry dated April 14, 2015.

{¶7} Smith filed this timely appeal, presenting the following assignment of error for our review.

### *Assignment of Error*

**THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO THE MAXIMUM PRISON SENTENCE TERM FOR ONLY ONE FELONY OFFENSE.**

{¶8} In his sole assignment of error, Smith argues that the trial court erred by imposing a maximum prison sentence. Specifically, Smith argues that his conduct did not constitute the worst form of the offense. We disagree.

{¶9} "Trial courts have full discretion to impose any sentence within the statutory range." *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana,* 3d Dist. Putnam No. 12–12–09, 2013–Ohio–1122, ¶ 20. "A trial court's sentence will not be disturbed on appeal absent a defendant's

showing by clear and convincing evidence that the sentence is unsupported by the record or otherwise contrary to law." *State v. Barrera,* 3d Dist. Putnam No. 12–12–01, 2012–Ohio–3196, ¶ 20. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. "An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is in a better position to judge the defendant's chances of recidivism and determine the effects of the crime on the victim." *Noble* at ¶ 9, citing *State v. Watkins,* 3d Dist. Auglaize No. 2-04-08, 2004–Ohio–4809, ¶ 16.

**{¶10}** R.C. Chapter 2929 governs sentencing. R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender." R.C. 2929.11(A). In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* Meanwhile, R.C. 2929.11(B) states that felony sentences must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and also be consistent with sentences imposed in similar cases. In accordance with these principles, the trial

court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism. R.C. 2929.12(A). However, the trial court is not required to make specific findings of its consideration of the factors. *State v. Kincade*, 3d Dist. Wyandot No. 16–09–20, 2010–Ohio–1497, ¶ 8.

{¶11} Since Smith was convicted of a felony of the third degree, the relevant prison range is between 9 and 36 months. R.C. 2929.14(A)(3)(b). The trial court sentenced Smith to 36 months in prison, which is within the statutory guidelines. Upon review of the record, we cannot find that the trial court erred in imposing this sentence.

{¶12} The record indicates that Smith's conduct was more serious than conduct normally constituting attempted illegal use of a minor in a nudity-oriented material or performance. First, C.M., the victim in the case, was only eight or nine years old when Smith videotaped her undressing and bathing in the bathroom. R.C. 2929.12(B)(1). Further, C.M. was Smith's stepdaughter, someone that Smith was entrusted with protecting. R.C. 2929.12(B)(6).

{¶13} Also, the support of Smith's family is troubling. Smith claims that his family's support is a mitigating factor in the case. We find the opposite to be true. The victim here is a child that was living with Smith at the time the crime was committed. Further, the fact that the family supported Smith leads one to

believe that the family did not support the victim. This conclusion is more evident after reading the victim impact statement filed by the grandmother of the victim. The statement states that the victim's mother blames the victim for Smith's actions. Further, the statement states that Smith is very controlling and has been verbally cruel to both the victim and her mother in the past. This lack of protection for the victim leads us to conclude that the family's support is an aggravating factor in this particular case.

{¶14} In support for the conclusion that Smith was not likely to commit future crimes, Smith argued that he had no prior criminal record before committing this offense and that he was remorseful. R.C. 2929.12(E)(2), (5). He also argued that his offense was not the worst form of the offense because he was only categorized as a Tier II sex offender. Regardless of what tier Smith was categorized, this fact is not relevant to the issue of whether his offense is of the worst kind. Pursuant to R.C. 2950.01(F)(1)(c), all people convicted of violating R.C. 2907.323(A)(2) must be labeled Tier II sex offenders. The statute does not leave the classification to the judge's discretion. Thus, the fact that Smith was labeled a Tier II sex offender is irrelevant.

{¶15} Although Smith presented two relevant mitigating factors, the record also supports the conclusion that several aggravating factors were present. "A sentencing court has broad discretion to determine the relative weight to assign the

sentencing factors in R.C. 2929.12." *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). In the case sub judice, the trial court must have afforded more weight to the aggravating factors presented than the mitigating factors. Therefore, we cannot say that the trial court's decision to impose the maximum sentence is unsupported by the record. While Smith has argued that the trial court erred in finding his to be the worst form of the offense, that finding is no longer a necessary predicate to the court's imposition of a maximum sentence, and therefore immaterial to our decision.

{¶16} Accordingly, we overrule Smith's sole assignment of error.

{¶17} Having found no error prejudicial to Smith, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**