[Cite as *State v. Clay*, 2019-Ohio-2486.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  8-18-58

      v.

AUDRIC CLAY,                                 O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  8-18-59

      v.

AUDRIC CLAY,                                 O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Logan County Common Pleas Court**
**Trial Court Nos. CR 18 01 0002 and CR 18 02 0027**

**Judgments Affirmed**

**Date of Decision:  June 24, 2019**

APPEARANCES:

    *Eric J. Allen* **for Appellant**

    *David A. Walsh, Jr.* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Audric D. Clay ("Clay"), appeals the October 8, 2018 judgment entries of sentence of the Logan County Court of Common Pleas. We affirm.

{¶2} On January 9, 2018, the Logan County Grand Jury indicted Clay in case number CR18-01-0002 on two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1), both fifth-degree felonies. (Case No. CR18-01-0002, Doc. No. 2). Clay appeared for arraignment on February 12, 2018 and entered pleas of not guilty. (Case No. CR18-01-0002, Doc. Nos. 11, 12).

{¶3} Clay was subsequently indicted in case number CR18-02-0027 on April 10, 2018 on five counts. Count One of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a fifth-degree felony; Count Two of having weapons under disability in violation of R.C. 2923.13(A)(3), (B), a third-degree felony; Count Three of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), (I), a fifth-degree felony; Count Four of tampering with evidence in violation of R.C. 2921.12(A)(1), (B), a third-degree felony; and Count Five of illegal use of drug paraphernalia in violation of R.C. 2925.14(C)(1), (F)(1), a fourth-degree misdemeanor. (Case No. CR18-02-0027, Doc. No. 4). On April 13, 2018, Clay appeared for arraignment in case number CR18-02-0027 and entered pleas of not guilty. (Case No. CR18-02-0027, Doc. No. 13).

{¶4} On August 31, 2018, Clay withdrew his pleas of not guilty and entered guilty pleas, under a negotiated plea agreement, to both counts in case number CR18-01-0002 and to Count One in case number CR18-02-0027. (Case No. CR18-01-0002, Doc. No. 48); (Case No. CR18-02-0027, Doc. No. 34). In exchange for his change of pleas, the State agreed to dismiss Counts Two, Three, Four, and Five in case number CR18-02-0027. (*Id.*); (*Id.*). The trial court accepted Clay's guilty pleas, found him guilty, dismissed Counts Two, Three, Four, and Five in case number CR18-02-0027, and ordered a presentence investigation ("PSI"). (*Id.*); (*Id.*).

{¶5} On October 8, 2018, the trial court sentenced Clay to 12 months in prison on both counts, respectively, in case number CR18-01-0002 and ordered that Clay serve the terms consecutively. (Case No. CR18-01-0002, Doc. No. 51). The trial court also sentenced Clay to 12 months in prison on Count One in case number CR18-02-0027, ordering that term to be served consecutively to the consecutive terms imposed in case number CR18-01-0002 for an aggregate prison term of 36 months. (Case No. CR18-02-0027, Doc. No. 37).

{¶6} On October 15, 2018, Clay filed a notice of appeal in both cases, which we consolidated for purposes of appeal. (Case No. CR18-01-0002, Doc. No. 61); (Case No. CR18-02-0027, Doc. No. 47). He raises one assignment of error for our review.

**Assignment of Error**

**The trial court erred by imposing a sentence unsupported by the record per O.R.C. § 2929.14.**

{¶7} In his assignment of error, Clay argues that the trial court erred by imposing the maximum term of imprisonment. In particular, he argues that the record does not support the trial court's sentences.

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶9} "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any

particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. In this case, as fifth-degree felonies, trafficking in cocaine and possession of cocaine, carry a non-mandatory sanction of 6-months to 12-months imprisonment. R.C. 2925.03(A)(1), (C)(2)(a); 2925.11(A), (C)(4)(a); 2929.13(B)(2); 2929.14(A)(5). Because the trial court sentenced Clay to 36 months in prison, the trial court's sentence falls within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶10} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and

making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶11} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. At Clay's sentencing hearing and in its sentencing entry, the

trial court considered the R.C. 2929.11 and 2929.12 factors. (October 8, 2018 Tr. at 12-13); (Case No. CR18-01-0002, Doc. Nos. 51, 71); (Case No. CR18-002-0027, Doc. No. 37).

{¶12} Specifically, the trial court considered "the purposes and principles of sentencing set forth in R.C. 2929.11," and in exercising its discretion, the trial court considered those factors "relating to the likelihood of the offender's recidivism" provided in division (D) as required by R.C. 2929.12(A) when the court considered the need to deter or incapacitate Clay. (October 8, 2018 Tr. at 6, 9, 12, 15); (Case No. CR18-01-0002, Doc. Nos. 51, 71); (CR18-02-0027, Doc. No. 37). R.C. 2929.12(A). In assessing whether Clay was likely to commit future crimes, the trial court considered Clay's prior record and determined that Clay had a juvenile court record that was "noteworthy." (October 8, 2018 Tr. at 6); (Case No. CR18-01-0002, Doc. No. 71). However, the trial court chose to focus on the "extensive" and "shocking" nature of Clay's adult record beginning in 2005 which the trial court characterized as "legendary." (*Id*. at 6, 12, 15); (*Id*.). *See* R.C. 2929.12(D)(2). Specifically, the trial court noted Clay's extensive record of ten felony convictions (dating back to 2005) by calling him a "repeat offender." (October, 8, 2018 Tr. at 6, 12, 15); (Case No. CR18-01-0002, Doc. No. 71); (PSI at 6-10).

{¶13} The trial court also found that Clay hadn't responded favorably to the sanctions previously imposed and noted that Clay had "absconded from supervision

in the past at least three times, and community control sanctions [were] simply a waste of community control resources." (October 8, 2018 Tr. at 9); (Case No. CR18-01-0002, Doc. No. 71). *See* R.C. 2929.12(D)(3). The trial court also found that Clay had been violating the terms and conditions of his probation supervision since his second offense at age fifteen (in 2002) and the record reflects that Clay's lack of amenability to community control sanctions and post-release control continued into his adulthood.[1] (*Id.*). The trial court noted that "to not impose a prison term--would--[], make a mockery of the criminal justice system." (October 8, 2018 Tr. at 15); (Case No. CR18-01-0002, Doc. No. 71). Further, the trial court noted that Clay's Ohio Risk Assessment System score indicated a high risk of reoffending. (October 8, 2018 Tr. at 11); (PSI at 15, 17-22). The trial court did not find that any of the factors under R.C. 2929.12(B) or (C) applied regarding the seriousness of Clay's conduct. Moreover, the trial court did not find any factors in R.C. 2929.12(E) mitigating that Clay is not likely to commit future crimes applied.

{¶14} In our review of the record, the trial court's findings are clearly and convincingly supported by the record. Specifically, the PSI also details Clay's prior record revealing that Clay has an extensive criminal record dating back to 2000 when he committed his first act of delinquency as a juvenile. The PSI details that Clay had a history of violating all forms of supervision was ultimately terminated

---

[1] Clay has been terminated from all forms of supervision as a result of violations in at least one of his juvenile offenses and five of the ten felony offenses he committed an as adult. (PSI at 6-12).

unsuccessfully at least once resulting in the imposition of post-release-control sanctions. (PSI at 7).

{¶15} We conclude that it was within the trial court's discretion to impose a prison sentence as "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). *See also* R.C. 2929.13(D). Accordingly, based upon the foregoing, Clay's sentence is not clearly and convincingly contrary to law because it is within the permissible statutory range and because the trial court properly considered the criteria found in R.C. 2929.11 and 2929.12. *See Maggette*, 2016-Ohio-5554 at ¶ 36.

{¶16} For these reasons, Clay's assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgments Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/jlr**