[Cite as *State v. Quickle*, 2020-Ohio-4262.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
HANCOCK COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  5-20-11

    v.

DAVID J. QUICKLE,                      O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Hancock County Common Pleas Court
Trial Court No. 2019 CR 00370

Judgment Affirmed

Date of Decision:   August 31, 2020


APPEARANCES:

    *Brian A. Smith* **for Appellant**

    *Steven M. Powell* **for Appellee**

Case No. 5-20-11

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, David J. Quickle ("Quickle") appeals the February 18, 2020 judgment entry of sentencing of the Hancock County Common Pleas Court. For the reasons that follow, we affirm.

{¶2} On September 10, 2019, the Hancock County Grand Jury indicted Quickle on two counts of failure to register as an arson offender in violation of R.C. 2909.15, a fifth-degree felony.[1] (Doc. No. 1).

{¶3} On September 18, 2019, Quickle appeared for arraignment and entered a plea of not guilty. (Doc. No. 5).

{¶4} On November 18, 2019, Quickle withdrew his pleas of not guilty and entered a guilty plea to Count One, under a negotiated-plea agreement. (Doc. Nos. 13, 15). Specifically, in exchange for his guilty pleas, the State agreed to dismiss Count Two.[2] (*See* Doc. Nos. 13, 18). (Doc. No. 27). The trial court accepted Quickle's guilty plea and ordered the preparation of a presentence-investigation report ("PSI"). (Doc. No. 18).

---

[1] Quickle had previously been convicted of three counts of burglary and five counts of aggravated arson in the Hancock County Common Pleas Court, General Division in case number 2005 CR 153 for which he served a 9-year aggregate prison term. (Doc. No. 28); (PSI at 8). *See* R.C. 2909.13(B)(2). Quickle failed to register as an arson offender "for a two-year period". (Feb. 3, 2020 Tr. at 6, 14-15).

[2] The trial court dismissed Count Two on February 3, 2020 at the sentencing hearing. (Feb. 3, 2020 Tr. at 4); (Doc. Nos. 27, 56).

{¶5} On February 3, 2020, the trial court sentenced Quickle to an 11-month prison term.[3] (Doc. No. 28). Quickle timely filed his notice of appeal. (Doc. No. 33). He raises one assignment of error for our review.

**Assignment of Error**

**Because the record, as shown by clear and convincing evidence, does not support the trial court's findings, pursuant to R.C. 2953.08(G)(2), the trial court's sentence of Appellant was not supported by the record.**

{¶6} In his assignment of error, Quickle argues that the record does not clearly and convincingly support the trial court's findings under R.C. 2953.08(G)(2), and therefore, is contrary to law.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

---

[3] Quickle was given 91 days' jail-time credit. (Doc. No. 28).

*Analysis*

{¶8} "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, ""trial courts have full discretion to impose any sentence within the statutory range."" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 37. In this case, as a fifth-degree felony, failure to register as an arson offender carries a non-mandatory sanction of 6-months to 12-months imprisonment. R.C. 2909.15(H); R.C. 2929.13(B)(1)(b)(ix); 2929.14(A)(5). Because the trial court sentenced Quickle to 11 months in prison on Count One, the trial court's sentence falls within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively

valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶9} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Id.* at ¶ 15, quoting *State v. Brimacombe*, 6th Dist. Lucas No. L-10-1179, 2011-Ohio-5032, ¶ 18, citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000), State v. Fox, 69 Ohio St.3d 183, 193, and R.C. 2929.12(B)(1).

{**¶10**} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{**¶11**} In Quickle's sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (Doc. No. 28). Specifically, the trial court considered "the purposes and principles of sentencing set forth in R.C. 2929.11," and in exercising its discretion, the trial court considered those factors "relating to the likelihood of the offender's recidivism" provided in division (D) as required by R.C. 2929.12(A) when the court considered the need to deter or incapacitate Quickle. (Feb. 3, 2020 Tr. at 12-13); (Doc. Nos. 28, 56). R.C. 2929.12(A).

{**¶12**} In assessing whether Quickle was likely to commit future crimes, the trial court considered Quickle's prior record and determined that Quickle had a juvenile court record that was "fairly extensive". (Feb. 3, 2020 Tr. at 13); (Doc. No. 56). Specifically, the trial court focused on Quickle's "very extensive" adult record

noting his history of arson convictions (defined as offenses of violence), which excluded him from targeted-community alternatives to prison. (*Id.*); (*Id.*). *See* R.C. 2929.12(D)(2). Moreover, the trial court noted that the instant case was Quickle's eleventh felony conviction since 2001. (Feb. 3, 2020 Tr. at 14); (*Id.*). *See id.*

{¶13} The trial court also found that Quickle hadn't responded favorably to the sanctions it previously imposed and noted that "the PSI very clearly indicates is [Quickle's] history indicates that [he] is not good at that." (Feb. 3, 2020 Tr. at 17-18); (Doc. No. 56). *See* R.C. 2929.12(D)(3). Further, Quickle's Ohio Risk Assessment System score 26 indicated a high risk of reoffending. (Feb. 3, 2020 Tr. at 4); (PSI at 18). The trial court did not find that any of the factors under R.C. 2929.12(B) or (C) applied regarding the seriousness of Quickle's conduct. Moreover, the trial court did not find any factors in R.C. 2929.12(E) mitigating that Quickle is not likely to commit future crimes applied.

{¶14} After weighing the recidivism factors, the trial court concluded that there was a neutral presumption favoring neither community control sanctions nor a prison term. (Feb. 3, 2020 Tr. at 18); (Doc. No. 56). Ultimately, the trial court determined that Quickle was not amenable to community control sanctions and that a prison term was justified under R.C. 2929.11. (*See* Feb. 3, 2020 Tr. at 18); (*Id.*). *See* R.C. 2929.12(A).

{¶15} In our review of the record, we cannot conclude that the trial court's findings are clearly and convincingly not supported by the record. Specifically, the PSI details Quickle's prior record revealing that Quickle has lengthy criminal record dating back to 1987 when he committed his first act of delinquency as a juvenile. (PSI at 3-9).

{¶16} We conclude that it was within the trial court's discretion to impose a prison sentence as "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). Accordingly, based on the foregoing, Quickle's sentence is not clearly and convincingly contrary to law because it is within the permissible statutory range, and the trial court properly considered the criteria found in R.C. 2929.11 and 2929.12. *See Maggette*, 2016-Ohio-5554, at ¶ 36.

{¶17} For these reasons, Quickle's sole assignment of error is overruled.

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**