[Cite as *State v. Gross*, 2025-Ohio-1894.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,                                    CASE NO. 14-24-34

    PLAINTIFF-APPELLEE,

  V.

ROBERT WILLIAM DEAN GROSS,                         **OPINION AND**
                                                   **JUDGMENT ENTRY**

    DEFENDANT-APPELLANT.

---

**Appeal from Union County Common Pleas Court**
**Trial Court No. 2023-CR-0197**

**Judgment Affirmed**

**Date of Decision: May 27, 2025**

---

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Samantha Hobbs* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Robert William Dean Gross ("Gross"), appeals the July 3, 2024 judgment of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} On August 3, 2023, K.W. received a message on Snapchat from her ex-boyfriend, Gross. The photograph alarmed K.W. because the background of the photograph depicted the interior of her apartment, causing concern that Gross was inside her apartment uninvited. When K.W. returned to her residence, Gross approached her in the parking lot of her apartment building as K.W. attempted to exit her vehicle. K.W. was on a video conference with her friends, and Gross forcefully took K.W.'s phone and threatened the individuals on the call.

{¶3} When K.W. attempted to retrieve her phone from Gross, he punched her in the face, knocked her down, and destroyed her phone. Gross then repeatedly struck K.W. to the point of unconsciousness. Several bystanders came to K.W.'s assistance and attempted to intervene. She suffered substantial injuries as a result of the attack.

{¶4} While K.W. remained unconscious on the ground, Gross drove K.W.'s car away from the scene erratically. Gross then attempted to strike a police cruiser occupied by C.M. Then, he intentionally drove into the left side of a truck driven by T.W., causing the truck to spin and wreck. Next, he drove at and intentionally

struck a semi-truck operated by J.R. As a result, the semi-truck and attached trailer left the road and overturned. J.R. escaped from the truck's cab while diesel fuel leaked onto him. Gross expressed that he was experiencing suicidal ideations and intentionally caused the vehicle collisions in an effort to end his life.

{¶5} During the investigation of the August 3, 2023 incident, investigators learned of a July 17, 2023 incident in which Gross held K.W. against a wall and strangled her. As a result, K.W. experienced voice changes and hoarseness.

{¶6} On September 7, 2023, the Union County Grand Jury indicted Gross with ten counts: Count One of burglary in violation of R.C. 29111.12(A)(2), (D), a second-degree felony; Count Two of kidnapping in violation of R.C. 2905.01(A)(3), (C)(1), a first-degree felony; Count Three of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony; Count Four of aggravated robbery in violation of R.C. 2911.01(A)(3), (C), a first-degree felony; Count Five of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), (B)(5), a fourth-degree felony; Count Six of felonious assault of a peace officer in violation of R.C. 2903.11(A), (D)(1)(a), a first-degree felony; Counts Seven and Eight both charged felonious assault in violation of R.C. 2903.11(A)(2), (D)(1)(a), second-degree felonies; Count Nine of strangulation in violation of R.C. 2903.18(B)(3), (C)(3), a fourth-degree felony; and Count Ten of abduction in violation of R.C. 2905.02(A)(2), (C).

{¶7} At his arraignment on October 20, 2023, Gross entered not-guilty pleas to the counts in the indictment. Pursuant to a negotiated-plea agreement, on May 1, 2024, Gross entered guilty pleas to Counts One, Three, Four, Five, Six, Seven, Eight, and Nine. The trial court accepted Gross's guilty plea and found him guilty of those counts. In exchange, the State made a motion for the dismissal of the remaining counts, which the trial court granted.

{¶8} The parties appeared for sentencing on July 3, 2024 where the trial court determined the aggravated robbery and grand theft charges merged, and the State elected to have Gross sentenced on the aggravated robbery offense. The court then sentenced Gross to three years in prison for the burglary, six years in prison for the felonious assault to K.W., an indefinite term of six to nine years in prison for the aggravated robbery, three years in prison for the felonious assault involving a police officer, three years in prison for the felonious assault relating to R.W., two years in prison for the felonious assault with J.R. as the victim, and 12 months in prison on the strangulation count. The trial court ordered the sentences to be served consecutively to each other for an aggregate term of 24 to 27 years in prison. The judgment entry of sentence was filed later that day.

{¶9} On August 1, 2024, Gross filed his notice of appeal. He raises one assignment of error.

## Assignment of Error

**The trial court's sentence is contrary to law and must be reversed.**

{¶10} In his assignment of error, Gross argues that his sentence is contrary to law in two respects. First, he argues that the trial court erred in its judgment entry of sentencing by ordering each of the sentences to be served consecutively to each other. Gross claims that, at the sentencing hearing, the trial court was silent as to whether Counts Seven and Eight were to be served consecutively or concurrently, and thus, the trial court allegedly erred by indicating in the sentencing entry that the counts were to be served consecutively. Next, Gross argues that the trial court did not properly consider and balance the sentencing factors found in R.C. 2929.12. For the reasons that follow, we disagree.

### *Standard of Review*

{¶11} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

**{¶12}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 9 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d Dist.). A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable sentencing policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12. *See State v. Watts*, 2020-Ohio-5572, ¶ 10 and 14 (3d Dist.); *State v. Maggette*, 2016-Ohio-5554, ¶ 31 (3d Dist.).

**{¶13}** R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing . . ., commensurate with and not demeaning to the seriousness of the

offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶14} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). In addition, the trial court must consider "the factors set forth in [R.C. 2929.12(F)] pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Smith* at ¶ 15, quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). Neither statute "requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20; *see also* R.C. 2929.11 and 2929.12.

{¶15} In considering R.C. 2929.11 and 2929.12 as they relate to felony-sentencing appeals, the Supreme Court of Ohio has further limited appellate review by holding that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12," and subdivision (b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 31, 34, 39 ("an appellate court's conclusion that the record

does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)"). Thus, R.C. 2953.08(G)(2) does not allow "an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at 42; *see also State v. Bryant*, 2022-Ohio-1878, ¶ 22. However, "when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law," and claims that raise those "types of issues are therefore reviewable." *Bryant* at ¶ 22 (finding the trial court increased the sentence based on an impermissible consideration).

*Analysis*

{¶16} Gross argues that his sentence is contrary to law because the trial court allegedly did not unambiguously order Counts Seven and Eight to be served consecutively to each other or to the other counts. However, a review of the record belies his claims.

{¶17} At the sentencing hearing, the trial court announced Gross's sentence as follows:

> [O]n Count One, burglary, a felony of the second degree, the court is going to impose a sentence of three years.
>
> On Count Three, a felony of the second degree, the court is going to impose a sentence of six years.

On Count Four, the aggravated robbery, the court is going to impose a sentence of six to nine years. These sentences all run consecutive.

Under Count Five, I find that Count Five merges with Count Four.

Count Six, a felony of the first degree, the court will impose a sentence of three years to run consecutive.

Count Seven, felonious assault, the court is going to impose a sentence of three years.

Count Eight, felonious assault, the court is going to impose a sentence of two years.

On Count Nine, strangulation, a felony of the fourth degree, the court is going to impose a sentence of 12 months to run consecutive.

So . . . by my math—and I have the Prosecutor's math here—my math now has 24 to 27. You want to check that.

(July 3, 2024 Tr. at 23-24).

**{¶18}** Although Gross contends that the trial court did not unambiguously indicate that Counts Seven and Eight were to be served consecutively, the transcript of the sentencing clearly indicates that trial court intended all of the individual sentences to be served consecutively to each other. The trial court stated "[t]hese sentences all run consecutive" and announced an aggregate sentence that is consistent with all of the individual sentences, including those for Counts Seven and Eight, running consecutively. Furthermore, the trial court specifically asked the parties to "check" its math and neither party indicated any error with the aggregate

sentence the trial court announced. Accordingly, at the sentencing hearing, the trial court ordered all of the sentences to be served consecutively to each other. Therefore, the trial court did not err by memorializing that sentence in the judgment entry.

{¶19} Gross also argues that the trial court did not properly weigh the sentencing factors in R.C. 2929.12. However, the record reflects that the trial court considered R.C. 2929.11 and 2929.12 when fashioning Gross's sentence. Specifically, at the sentencing hearing, the trial court stated that "there are a number of things the court has to consider" when determining a sentence including the "sentencing factors set forth by the legislature in Section 2929.12." (July 3, 2024 Tr. at 22). Furthermore, the trial court specified several sentencing factors in detail. (*Id.* at 22-23). Moreover, in its judgment entry of sentencing, the trial court stated that it considered "the record, oral statements, the victim impact statement, the presentence investigation report, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution." (Doc. No. 63). The trial court also specifically indicated which R.C. 2929.12 factors it deemed were applicable to the instant offenses.

{¶20} Therefore, because Gross's prison sentence is within the applicable statutory range and the record supports that the trial court fulfilled its obligation of

considering R.C. 2929.11 and 2929.12, Gross's sentence is valid. *See Watts*, 2020-Ohio-5572, ¶ 14. However, Gross argues his prison sentence is not supported by the record or is contrary to law because the trial court did not properly weigh the R.C. 2929.12 sentencing factors.

{¶21} "Neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32 (3d Dist.).

{¶22} Gross alleges that the trial court did not properly weigh the mitigating factors when imposing his sentence. We note that when imposing a felony sentence, "it is 'the trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 2017-Ohio-9092, ¶ 15 (12th Dist.), quoting *State v. Steger*, 2016-Ohio-7908, ¶ 18 (12th Dist.). "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶23} Finally, Gross challenges the trial court's finding under R.C. 2929.12(B)(9) that indicates that the offense is a violation of section 2903.11 and involves a "family or household member at the time of the violation, and the offender committed the offense in the vicinity of one or more children who are not

victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children." R.C. 2929.12(B)(9) (Sept. 19, 2014) (current version at R.C. 2929.12(B)(10) (Apr. 9, 2025)). Indeed, Gross and K.W. were not family or household members at the time of the offense and did not have children; and, thus, R.C. 2929.12(B)(9) did not apply. However, we do not find that, in the totality of the circumstances, this constitutes reversible error.

*Conclusion*

**{¶24}** For the foregoing reasons, Gross's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Union County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

# __JUDGMENT ENTRY__

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

Mark C. Miller, Judge

William R. Zimmerman, Judge

John R. Willamowski, Judge

DATED:
/jlm