[Cite as *State v. Hughes*, 2025-Ohio-2490.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 14-24-38

v.

JAMES NATHAN HUGHES,

    DEFENDANT-APPELLANT.

OPINION AND
JUDGMENT ENTRY

Appeal from Union County Common Pleas Court
Trial Court No. 24-CR-0085

Judgment Affirmed

Date of Decision: July 14, 2025

APPEARANCES:

    *Alison Boggs* for Appellant

    *Andrew M. Bigler* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, James Nathan Hughes ("Hughes"), appeals the August 21, 2024 judgment of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} This case stems from an April 18, 2024 incident in which officers were dispatched to a complaint of an intoxicated person. K.C. and E.B., officers with the Richwood Police Department, responded to the scene and found Hughes intoxicated and uncooperative. After placing Hughes under arrest, K.C. and E.B. guided him to a nearby patrol vehicle as Hughes resisted and yelled profanities at the officers. While officers searched Hughes incident to arrest, Hughes "head butted" K.C. and E.B., and all three fell to the ground.

{¶3} As a result of the incident, K.C. sought emergency medical treatment on two occasions and was diagnosed with a concussion. E.B. received medical treatment for a migraine headache resulting from the incident.

{¶4} On May 3, 2024, Hughes was indicted on two counts: Count One of felonious assault of a peace officer in violation of R.C. 2903.11(A)(1), (D)(1)(a), a first-degree felony; and Count Two of assault in violation of R.C. 2903.13(A), (C)(5)(a), a fourth-degree felony. Count One related to K.C. and Count Two related

to E.B., respectively. At his arraignment on May 7, 2024, Hughes entered not-guilty pleas.

{¶5} The parties appeared for a change-of-plea hearing on July 3, 2024. Pursuant to a negotiated-plea agreement, the State moved to amend Count One to felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony, which the trial court granted. In exchange, Hughes withdrew his not-guilty pleas and entered a guilty plea to amended Count One and Count Two. The trial court accepted Hughes's guilty pleas and found him guilty. The trial court continued the matter for sentencing and ordered a presentence investigation ("PSI") be prepared.

{¶6} On August 21, 2024, Hughes was sentenced to 6 to 9 years in prison on Count One and 18 months in prison on Count Two. The trial court ordered the sentences to be served consecutively for an aggregate term of 7 ½ to 10 ½ years in prison.

{¶7} Hughes filed a notice of appeal on September 19, 2024. He raises one assignment of error for our review.

**Assignment of Error**

**Appellant's sentence is contrary to law as the trial court failed to properly analyze and apply the sentencing factors found in ORC 2929.11, 2929.12, and 2929.14.**

{¶8} In his assignment of error, Hughes argues that that his sentence was contrary to law. Specifically, he challenges his individual sentences and the

consecutive nature of his sentences on the grounds that his sentence is not supported by the record.

*Standard of Review*

{¶9} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority: Felony Sentencing*

{¶10} "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 9 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d Dist.). A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable sentencing policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12. *See State v. Watts*, 2020-Ohio-5572, ¶ 10 and 14 (3d Dist.); *State v. Maggette*, 2016-Ohio-5554, ¶ 31 (3d Dist.).

{¶11} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and

others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing . . ., commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶12} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). In addition, the trial court must consider "the factors set forth in [R.C. 2929.12(F)] pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Smith* at ¶ 15, quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). Neither statute "requires a trial court to

make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20; *see also* R.C. 2929.11 and 2929.12.

{¶13} In considering R.C. 2929.11 and 2929.12 as they relate to felony-sentencing appeals, the Supreme Court of Ohio has limited appellate review by holding that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12," and subdivision (b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 31, 34, 39 ("an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)"). Thus, R.C. 2953.08(G)(2) does not allow "an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42; *see also State v. Bryant*, 2022-Ohio-1878, ¶ 22. However, "when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law," and claims that raise those "types of issues are therefore reviewable." *Bryant* at ¶ 22 (finding the trial court increased the sentence based on an impermissible consideration).

*Analysis: Felony Sentencing*

**{¶14}** The trial court sentenced Hughes to an indefinite term of 6 to 9 years in prison for second-degree felony felonious assault and 18 months in prison for fourth-degree felony assault. Thus, Hughes's sentences fall within the respective statutory ranges. *See* R.C. 2929.14(A)(2)(a); R.C. 2929.14(A)(4).

**{¶15}** The record reflects that the trial court considered R.C. 2929.11 and 2929.12 when fashioning Hughes's sentence. In the judgment entry of sentence, the trial court indicated that it "considered the record, the State's sentencing recommendation, the Defendant's sentencing recommendation, oral statements, the PSI report and recommendations, the need for deterrence, incapacitation, rehabilitation and restitution, the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." (Doc. No. 25). At the sentencing hearing, the trial court also specifically indicated which R.C. 2929.12 factors it deemed were applicable to the instant offenses. Therefore, because Hughes's prison sentence is within the applicable statutory range and the record supports that the trial court fulfilled its obligation of considering R.C. 2929.11 and 2929.12, Hughes's sentence is valid. *See Watts*, 2020-Ohio-5572, at ¶ 14.

**{¶16}** Yet, Hughes argues his prison sentence is not supported by the record or is contrary to law because the trial court did not properly weigh the R.C. 2929.12 sentencing factors. However, "[n]either R.C. 2929.11 nor 2929.12 requires a trial

court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32.

{¶17} Hughes alleges that the trial court did not properly weigh the mitigating factors when imposing his sentence. We note that when imposing a felony sentence, "it is 'the trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 2017-Ohio-9092, ¶ 15 (12th Dist.), quoting *State v. Steger*, 2016-Ohio-7908, ¶ 18 (12th Dist.). "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶18} Hughes also summarily argues that his prison term for felonious assault is not supported by the record or is contrary to law because the trial court "took into consideration an element of the offense to justify its finding the offense was more serious." (Appellant's Brief at 7). Hughes alleges that the trial court erred by referencing K.C.'s injuries in support of the finding that Hughes's conduct was more serious than that normally constituting the offense because "serious physical harm" is an element of felonious assault and, therefore, could not be used to elevate the seriousness of the offense. *See State v. Polizzi*, 2019-Ohio-2505, ¶ 28 (11th Dist.), quoting *State v. Sims*, 2012-Ohio-238, ¶ 16 (4th Dist.) ("there is case law that

indicates '[a] trial court may not elevate the seriousness of an offense by pointing to a fact that is also an element of the offense itself.'").

**{¶19}** At the sentencing hearing, the trial court stated:

> The serious factors indicate that the victims suffered physical harm, including concussions. This was a felonious assault. Both officers required medical treatment. The female officer continues to have physical complications after being headbutted.

(Aug. 21, 2024 Tr. at 9). However, viewing the trial court's statement in the context of the entire sentencing hearing, we do not find that the trial court's statement constitutes reversible error. We note that defendant's trial counsel, in an attempt to mitigate the seriousness of Hughes's conduct, discussed the nature of the victim's injury in some detail, inviting the trial court to respond to his comments regarding the extent and severity of the victim's injuries. Thus, in context, the trial court's statements, particularly its statement relating to K.B.'s continued physical complications from the incident appear to be a direct response to Hughes's counsel's attempt to minimize the victims' injuries and, by extension, his own actions. *See also State v. Banas*, 2019-Ohio-5053, ¶ 25 (4th Dist.) ("The holding in *Polizzi* was that the trial court's consecutive sentence findings under R.C. 2929.14(C)(4) were clearly and convincingly not supported by the record. We decline to apply that holding to appellant's argument here that the trial court's seriousness findings under R.C. 2929.12 are not supported by the record.").

{¶20} Accordingly, Hughes's prison sentences are not clearly and convincingly contrary to law, and must, therefore, be affirmed. *See State v. Slife*, 2021-Ohio-644, ¶ 17 (3d Dist.).

{¶21} Next, Hughes argues that the trial court erred by ordering the sentences in the instant case to be served consecutively to each other.

*Relevant Authority: Consecutive Sentencing*

{¶22} "Except as provided in . . . division (C) of section 2929.14, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶23}** R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.). Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender, (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*

**{¶24}** The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 2014-Ohio-4140, ¶ 50 (3d Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶25}** Furthermore, pursuant to R.C. 2953.08(G)(2)(a), appellate court may only "modify or vacate consecutive sentences if it clearly and convincingly finds that the record does not support the trial court's consecutive-sentence findings." *State v. Gwynne*, 2023-Ohio-3851, ¶ 22.

*Analysis: Consecutive Sentencing*

**{¶26}** Hughes does not argue that the trial court failed to make the requisite consecutive-sentencing findings under R.C. 2929.14(C)(4). Rather, Hughes contends the record does not support the trial court's findings.

At the sentencing hearing, the trial court stated:

> The court finds that consecutive sentences are necessary in order to protect the public and punish the defendant [a]nd that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger he poses to the public. The court finds that the offender committed one or more of these offenses while he was awaiting trial or sentencing or under sanctions, or was under post release control for prior offenses. The court further finds that the defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime.

(Aug. 21, 2024 Tr. at 9). The trial court memorialized those findings in its sentencing entry. (Doc. No. 25). Accordingly, the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entry.

**{¶27}** Nonetheless, Hughes argues that the trial court's finding that consecutive sentences were necessary to protect the public was not supported by the record. Hughes contends that the facts outlined in the PSI indicate that Hughes was not "harming" or "threatening the public" but was merely intoxicated and "loud" in public, and "until the officers arrived, [he] was not aggressive." (Appellant's Brief at 7). However, our review of the record contradicts Hughes's statements.

{¶28} The PSI indicates that when K.C. was dispatched to the scene, E.B. determined, due to his prior experience with Hughes, it was prudent for him to respond to the call with K.C. due to Hughes's reputation for being "uncooperative." Furthermore, the PSI states that when the officers arrived on the scene Hughes put his hands into a fist and uttered profanities at the officers. Moreover, according to the PSI, during transport to the jail, Hughes became "extremely aggressive" and threatening, stating "when I get loose, I'm gonna [sic] fuck you up." Accordingly, we find the trial court's determination that consecutive sentences are not disproportionate to the danger Hughes poses to the public to be properly supported by the record.

### Conclusion

{¶29} Hughes's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Union County Court of Common Pleas.

**Judgment Affirmed**

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.


_____
Mark C. Miller, Judge


_____
Juergen A. Waldick, Judge


_____
John R. Willamowski, Judge


DATED:
/jlm